IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

UNITED STATES OF AMERICA

v.                        No. 4:19-CR-00034-12-JM

JAMES PHILLIPS

**ORDER**

Defendant's Motion to Reduce Sentence (Doc. No. 725) is DENIED.

Applying Amendment 821 retroactive changes on "status points" reduces Defendant's criminal history points from 13 to 12, resulting in an amended criminal history category of V. With a total offense level 23, Defendant's amended range is 84 to 105 months. However, Defendant's 105-month sentence was reduced to a little over 69 months based on U.S.S.G. § 5G1.3(b)(1)-(2),[1] making his current sentence below the amended range.[2] With no substantial assistance in this case, Defendant is ineligible for a reduction further below the amended range.[3]

Additionally, Defendant's plea agreement provides that he "waives the right to have these sentence modified pursuant to Title 18, United States Code, Section 3582(c)(2) . . . ."[4] Because

---

[1] Doc. No. 680 at 10-16.

[2] *United States v. Helm*, 891 F.3d 740, 744 (8th Cir. 2018) (holding that a § 5G1.3(b) "sentence adjustment for time served on an undischarged term of imprisonment does not enter into the calculation of [an] amended guideline range" and, if the current sentence is below the amended range, a defendant "is ineligible for a sentence reduction under § 3582(c)(2).").

[3] *See* USSG § 1.10(b)(2)(A) ("Limitation.—Except as provided in subdivision (B), [which involves substantial assistance], the court shall not reduce the defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) and this policy statement to a term that is less than the minimum of the amended guideline range determined under subdivision (1) of this subsection.").

[4] Doc. No. 488.

1

Defendant knowingly and voluntarily entered into his plea agreement, including this waiver, he is not entitled to relief.[5]

IT IS SO ORDERED this 28th day of November, 2023.

```
                                    _____
                                    UNITED STATES DISTRICT JUDGE
```

---

[5] *United States v. Cowan*, 781 F. App'x 571 (8th Cir. 2019) (affirming dismissal of a § 3582 (c)(2) motion when the record establish that the defendant knowingly and voluntarily entered the plea agreement).